# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 92-CR-30004-WDS |
| ) | |
| DANIEL SUMRALL III, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Before the Court is defendant's motion for retroactive application of the Advisory Sentencing Guidelines (Doc. 298).

Pursuant to Administrative Order 102 the Court appointed the Office of the Federal Public Defender to represent the defendant on his motion for retroactive application and sentence reduction. The case was assigned to Assistant Federal Public Defender Renee Schooley who concluded that the defendant did not qualify for a reduction, and therefore did not file a supplement to defendant's motion.

The Court has reviewed the file and has come to the conclusion that the defendant is not entitled to the relief he seeks because he was originally sentenced for offenses involving cocaine hydrochloride, powder cocaine, and not crack cocaine. The Guidelines were reduced to reflect a lower base offense level for crack cocaine offenses, but not for powder offenses. See, *United States v. White*, 582 F.3d 787, 799 (7th Cir. 2009), cert denied, 130 S. Ct. 1542 (2010).

Therefore, the Court **FINDS** that the retroactive Guidelines amendments simply do not apply to sentences for powder cocaine offenses and the Court **DENIES** the defendant's motion for retroactive application of the Advisory Sentencing Guidelines as the relief he seeks is not available under any of the amendments to the Sentencing Guideline range.

**IT IS SO ORDERED.**

**DATE:   12 March, 2012**

                              **s/ WILLIAM D. STIEHL**
                              **DISTRICT JUDGE**